UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **DECISION AND ORDER** |
| | 10-MJ-1057-JJM |
| v. | |
| ALEXANDER KATES, | |
| Defendant. | |

_____

On July 8, 2008, I signed a complaint [1][1] charging defendant with escaping from federal custody, in violation of 18 U.S.C. §751(a). Defendant has now moved to dismiss the complaint for lack of probable cause [5]. Oral argument was held before me on March 15, 2011 [8]. For the following reasons, the motion is denied.

### BACKGROUND

Following his conviction for violation of 18 U.S.C. §§814(a)(1) and 860, on January 7, 2000 defendant was sentenced to a term of 120 months of incarceration, followed by a period of five years of supervised release. Complaint affidavit [1], ¶3. On May 8, 2008, defendant was transferred from incarceration to supervised release. Id. On January 23, 2010, District Judge William M. Skretny modified the conditions of defendant's supervised release to include placement at the Buffalo Halfway House. Id., ¶7. On April 27, 2010 defendant left that facility for work at 11:15 a.m. but failed to return at his scheduled time of 10:35 p.m. Id., ¶8. Defendant was still missing as of July 8, 2010, when the complaint issued.

---

[1] Bracketed references are to CM/EMF docket entries.

In moving to dismiss the complaint, defendant argues that it fails to establish probable cause to believe that his commitment to the Buffalo Halfway House constituted "custody" within the meaning of 18 U.S.C. §751(a). Defendant's Motion to Dismiss [5], pp. 2-6.

**ANALYSIS**

The scope of my review on this motion is limited to a determination of whether the complaint is supported by probable cause, which "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." <u>Illinois v. Gates</u>, 462 U.S. 213, 244 n. 13 (1983); <u>United States v. Bakhtiari</u>, 913 F.2d 1053, 1062 (2d Cir. 1990).

In pertinent part, 18 U.S.C. §751(a) makes it a crime to escape "from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge". In arguing that his commitment to the Buffalo Halfway House did not constitute "custody" within the meaning of §751(a), defendant relies primarily upon <u>United States v. Fico</u>, 16 F.Supp. 2d 252 (W.D.N.Y. 1998) (Larimer, J.).

In <u>Fico</u>, Judge Larimer concluded that a defendant who failed to return to the halfway house where he was ordered to reside as part of his court-ordered supervised release conditions was not "in custody" for purposes of §751(a): "Fico's residence at the Center was simply a condition of his supervised release, and a relatively modest one at that; certainly it left him with far more personal freedom than he would have had he been confined to jail. For example, he was authorized to leave the facility for employment . . . . Moreover, even if there is some ambiguity in the language of §751 with respect to what constitutes 'custody,' ambiguity

concerning the ambit of criminal statutes should be resolved in favor of lenity." 16 F.Supp.2d at 255.

Although Judge Larimer's reasoning in Fico certainly warrants careful consideration, it does not bind me in this case. "The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another". ATSI Communications, Inc. v. Shaar Fund, Ltd, 547 F.3d 109, 112, n.4 (2d Cir. 2008);[2] 18 Moore's Federal Practice 3d, §134.02[1][d] ("[a] decision of a federal district court judge is not binding precedent in either a different judicial district [or] the same judicial district").

Since the statute covers escape "from *any* custody" (emphasis added), I believe that the word "custody" should be interpreted broadly, rather than narrowly. *See* United States v. Sack, 379 F.3d 1177, 1179 (10th Cir. 2004), cert. denied, 544 U.S. 963 (2005) ("our precedent has treated custody under §751 broadly"). "Custody as used in the escape statute, does not require direct physical restraint. Custody may be minimal and, indeed, may be constructive . . . . Because Sack was in the custody of the halfway house as a result of an order of the district court, we conclude he was in custody under §751." Id. *See also* United States v. Swanson, 253 F.3d 1220, 1224 (10th Cir.), cert. denied, 534 U.S. 1007(2001) ("Life at a halfway house undoubtedly entails fewer restrictions than life in prison, but one who lives there under court order is not free to come and go at will. In that respect, residence at a halfway house is a form of 'custody'").

While I recognize that Fico and other authorities cited by defendant take a different view, in the absence of controlling Second Circuit authority I conclude that defendant

---

[2] Although no district court judge is currently assigned to this case, any assignment which might occur would not be to Judge Larimer.

has failed to show that the complaint is not supported by probable cause, which "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Gates, supra. However, this decision does not foreclose the possibility of an ultimate determination that defendant was not in custody.

## CONCLUSION

For these reasons, defendant's motion [5] is denied.

**SO ORDERED.**

DATED:	April 1, 2011

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge